IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                CIVIL ACTION NO.   5:24-cv-00580

THE SUM OF $10,152.00 IN
  UNITED STATES CURRENCY,

        Defendant.

[Ronald LaVaughn Mason]

## VERIFIED COMPLAINT OF FORFEITURE IN REM

Comes now the United States of America, by and through its attorneys, William S. Thompson, United States Attorney for the Southern District of West Virginia, and Justin A. Marlowe, Assistant United States Attorney for the Southern District of West Virginia, respectfully brings this Verified Complaint of Forfeiture *in rem* (the "Complaint") and alleges as follows in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1.      This is a civil action *in rem* brought on behalf of the United States of America, pursuant to 18 U.S.C. § 983 to enforce the provisions of 21 U.S.C. § 881(a)(6), for the forfeiture of a certain sum of currency constituting proceeds of the sale of, or which was used or intended to be used in any manner or part to commit or to facilitate the commission of one or more violations of the Controlled Substances Act, 21 U.S.C. § § 801 et seq.

**THE DEFENDANT IN REM**

2.      The defendant *in rem*, captioned above, totaling $10,152.00, is the sum of currency seized from the residence of Ronald LaVaughn Mason on Gregory Street on or about May 30, 2024 (hereinafter, the "Defendant Currency"), located in Beckley West Virginia.

3.      The Defendant Currency is presently in the custody of the United States, specifically within an account maintained by the United States Federal Bureau of Investigation.

**JURISDICTION AND VENUE**

4.      Plaintiff, United States of America, brings this action *in rem* in its own right to forfeit and condemn the defendant property.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5.      This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1), since the acts or omissions giving rise to the forfeiture occurred in this district.

6.      Upon the filing of this Verified Complaint of Forfeiture *in rem*, the plaintiff requests that the Clerk of this Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i), which the Plaintiff will execute upon the seized personal property, pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omission giving rise to the forfeiture occurred in this district and, pursuant to 28 U.S.C. § 1395(b) because the property is located in this district.

## STATUTORY BACKGROUND

8.      Pursuant to 28 U.S.C. § 2461(c), 21 U.S.C. § 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure, upon the conviction of an offense in violation of 21 U.S.C. § 841(a)(1) shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

9.      Pursuant to 21 U.S.C. § 881(a)(6) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code; all proceeds traceable to such an exchange, an all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code are forfeitable to the United States.

## BASIS FOR FORFEITURE

10.     The Defendant Currency is subject to forfeiture to the United States Pursuant to 21 U.S.C. § 841 on the grounds that it is the proceeds of or derived from the proceeds of or was intended to be used to facilitate one or more controlled substance violations.

11.     The Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. § 801 et seq., or is proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more controlled substance violations.

## FACTS

12.     The United States Federal Bureau of Investigation ("FBI"), the United States Department of Alcohol, Tobacco, Firearms and Explosive ("ATF"), the Beckley/Raleigh County Drug and Violent Crime Unit ("BRCDVCU"), and the Central West Virginia Drug Task Force ("CWVDTF") conducted an investigation into a drug trafficking organization in Beckley, West Virginia. The investigation identified numerous individuals involved in the drug trafficking organization ("DTO"), including RONALD LAVAUGHN MASON ('Mason").

13.     From in or about June 2023, to in or about May of 2024, at or near Beckley, Raleigh County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant RONALD LAVAUGHN MASON, together with other persons conspired to commit offenses in violation 21 U.S.C. § 841(a)(1), that is, knowingly and intentionally to distribute quantities of methamphetamine, its salts, isomers, and salts of its isomers, N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as "fentanyl," and cocaine base, also known as "crack," all three Schedule II controlled substances.  In violation of Title 21 United States Code, Section 846.

14.     From in or about April 2024, to in or about May 2024, at or near Beckley, Raleigh County, West Virginia, Mason, together with other persons knowingly conspired to commit offenses in violation of 21 U.S.C. § 841(a)(1), that is, knowingly and intentionally to distribute quantities of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as "fentanyl" and cocaine base, also known as "crack," both Schedule II controlled substances.

15.     On May 30, 2024, a federal search warrant was executed at the residence of Mason and then girlfriend, Kiera Walton ("Walton"), on Gregory Street in Beckley, West Virginia. During the search, located in a bedroom were approximately 1,552.2 grams in suspected narcotics , and approximately 2,811.7 grams of suspected marijuana, three cellular telephones, the Defendant

Currency in the amount of $10,152.00 inside a nightstand, and from the wallet of Mason, another $141.00 in United States currency was seized. The Defendant Currency within the nightstand was located as follows, the top drawer had $152.00, the bottom drawer within a plastic bag was $4,000.00 and also within the bottom drawer inside another plastic bag was $6,000.00.

16.     All of the firearms and ammunition located during the search were turned over to ATF and have been administratively forfeited.

17.     Mason lacked lawful means to earn money to have in his possession the defendant currency. According to West Virginia employment records, Mason has not had any reportable income since the second quarter of 2020.  It is upon information and belief, Mason has no other source of income, except selling illegal substances, like methamphetamine, fentanyl and cocaine base, also known as "crack."

## THE DEFENDANT CURRENCY

18.     The Defendant Currency was seized from the residence of Mason and Walton.

19.     Thus, the Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 841, as proceeds of or money that is intended to be used to facilitate further violations of illegal drug trafficking.

## CLAIMS FOR FOREFEITURE

20.     The allegations contained in paragraphs 1 through 19 of this Verified Complaint of Forfeiture *in rem* are incorporated herein and made a part hereof.

21.     As a result of the foregoing, the defendant *in rem* is subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981 as property that represent the proceeds of or is derived from the proceeds of a violation of 21 U.S.C. § 841, which is a specified unlawful activity.

22. As a result of the foregoing, the defendant *in rem* is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461(c) as property that represent the proceeds of or is derived from the proceeds of a violations of 21 U.S.C. § 841 or is intended to be used to facilitate a violation of 21 U.S.C. § 841.

23. The defendant in rem is also subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code.

24. As a result of the foregoing, the defendant properties, and all property traceable thereto are subject to condemnation and to forfeiture to the United States, in accordance with 21 U.S.C. § 881.

## **CONCLUSION**

By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all rights, title and interest in the defendant properties vested in the United States at the time of the commission of the unlawful acts giving rise to forfeiture has become and is forfeitable to the United States.

WHEREFORE, the United States of America requests that the Clerk of this Court issue a warrant for the arrest and seizure of the defendant *in rem* pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, which the plaintiff will execute upon the defendant *in rem* pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c); that notice of this action be given to all persons who reasonably appear to be potential claimant(s) to the defendant *in rem*; that the defendant *in rem* be forfeited and condemned to the United States of America; and that the Court grant such other and further relief it deems just and proper.

Respectfully submitted,
WILLIAM S. THOMPSON
United States Attorney


By:     s/Justin A. Marlowe
        JUSTIN A. MARLOWE
        Assistant United States Attorney
        WV State Bar No. 9695
        300 Virginia Street East, Room 4000
        Charleston, WV 25301
        Telephone:  304-345-2200
        Fax:  304-340-7851
        E-mail: justin.marlowe@usdoj.gov